(No. 2435—

Rose Werckman, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed December 8, 1936.*

*Rehearing denied November 1, 1939.*

F. K. Lemon, for claimant.

Arthur H. Shay, for intervening petitioner.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

Rose Werckman, the administratrix of the estate of John C. Werckman, deceased, filed her Application for Adjustment of Compensation in this court on July 17, 1934, alleging that the deceased, John C. Werckman was employed by the State of Illinois as Field Auditor, and at other duties in the Retailers' and Occupational Tax Division of the Department of Finance, and had been so employed since the last week in August in the year 1933; that the offices of the Retailers' and Occupational Tax Division were located in what is known as the Public Service Building in the city of Springfield, Illinois,

and the deceased made his headquarters there while employed by the State; that on the 22d day of February, 1934, upon the direction of his immediate superior, the deceased went to Wheaton, County of DuPage, on matters concerning his employment and conducted an investigation as to whether or not certain persons should pay a retailer's or occupational tax, as provided by the statute of the State of Illinois; that he conducted a hearing, and it then became his duty to return to Springfield to the place of his employment and report his acts and doings and the result of his investigation.

The application sets forth that the deceased was on his way to Springfield and had arrived in the city of Springfield, and was on a street known as Fifth Street, driving an automobile, when the automobile in which the deceased was riding, collided with another automobile and the deceased was seriously injured. This accident occurred on the 23rd day of February, 1934. The deceased died the next day at a hospital in the city of Springfield. His hospital bill was $22.50 and his physician's bill was $15.00.

At the time of his death, John C. Werckman, left him surviving the claimant as his widow, who was wholly dependent upon him and one child named Lura Jean Werckman, aged thirteen years, and it is alleged that she is partially dependent upon the deceased. At the time of Werckman's death, he was receiving Two Hundred Dollars ($200.00) per month.

An intervening petition was filed on behalf of the minor child of the deceased, by a former marriage, but the facts as above set forth constitute the grounds upon which this decision must rest.

The first question to be determined is whether or not the duties of the deceased brought him under the Compensation Act of this State, it being admitted that the deceased met his death in the manner herein set forth.

Under the Court of Claims Act, the Court of Claims must administer the Workmen's Compensation Act in the manner provided in the Workmen's Compensation Act. Section 3 thereof provides that the provisions of the Act shall apply automatically and without election to the State * * * and to all employers and all their employees engaged in any department of the following enterprises or businesses which

are declared to be extra hazardous. Then follows ten sub-paragraphs. From that part of said Section 3 above referred to, it is apparent that the Act only applies automatically to an employee engaged in any one of the departments or enterprises or businesses which are declared to be extra hazardous.

The Attorney General contends that the principal business of the State is the exercise of a governmental function, and that such function in administering the Retailers' Occupational Tax is not extra hazardous. Claimant contends that because the Department of Finance which regulates the collection of the Retailers' Occupational Tax happens to be located in a rented building, which is subject to statutory or municipal regulations on account of fire escapes, boilers, elevators, etc., such employment is extra hazardous.

Claimant further contends that at the time the deceased met his death, he was on actual duty, and it was a part of his business to drive around over the State and make proper reports and investigations, and further contends that if the deceased traveled by automobile, he was under the Compensation Act, whether struck by another automobile or a train, and cites several cases to that effect.

No question arises upon this record as to whether or not the deceased was in the performance of his duty but there must be something else in addition to the performance of his duty to bring the deceased under the Workmen's Compensation Act. He must have been employed in some employment which the Statute declares to be extra hazardous and mentioned in said Section 3. It is admitted by claimant that an employer may be engaged in both a hazardous and a non-hazardous occupation, and urges that in this instance, the employer, the same being the State of Illinois, was and is engaged in both hazardous and non-hazardous employment or businesses. The business which consists of necessarily housing people in buildings that are regulated by law and ordinances for the protection of persons housed in the building and those employed in it is regulated by statute, because the persons are necessarily situated there in constant danger. Claimant further urges that laws are made to regulate the being and driving of automobiles and other vehicles on city streets and hard roads and travel by railroads because persons engaged in that line of endeavor are in constant danger, and concludes that this makes persons so engaged come

within the classification of extra hazardous occupations, and as such compensable through the provisions of the Workmen's Compensation Act.

The statute provides as follows: "In any enterprise in which statutory or municipal ordinance regulations are now or shall hereafter be imposed for the regulating, guarding, use or the placing of machinery or appliances or for the protection and safeguarding of the employees or the public therein; each of which occupations, enterprises or businesses are hereby declared to be extra hazardous and come under the Compensation Act."

Claimant's petition for compensation does not set up sufficient grounds, but inasmuch as both sides argued this contention, we will pass upon it.

It will be noted that the statute uses the word "enterprise." Now, in this instance, the State is nothing more or less than a tenant in a building several stories high, subject to municipal and statutory regulations. The State does not own it, but merely occupies a part thereof. It is difficult to see how this could be an "enterprise" or come within the definition of the term "business" as set forth in claimant's brief. Claimant quotes from the case of *Walsh* vs. *Industrial Commission*, 345 Illinois, 356, wherein the term "business" is held to mean an employment which occupies a substantial portion of the time and attention of the one engaged in it. It cannot be said that the State comes within this definition of the term "business."

Whether or not a person is within the provisions of the Compensation Act must be determined by the business itself. A familiar illustration is set forthh in Angerstein's treatise on Workmen's Compensation. The author of that work says that an employer might own a factory containing power-driven machinery, etc., which automatically would bring it under the act. All the employees of such factory would be under the act regardless of what their duties were, just so long as they were engaged in any department of the business, and this would include stenographers, salesmen, clerical help, etc. Tht same employer might own and operate a clothing store entirely separate and apart from the factory, in which store there were no appliances or machinery of any description. This clothing store, therefore, would not come under the act automatically, and the employees, therefore, would not

be under the act unless and until the employer had filed his written acceptance of the act with the Industrial Commission. If an employee of any department of the factory were injured, he would have no remedy except the measure of compensation provided by the act. An employee of the clothing store, would have no rights whatever under the Compensation Act unless the employer had affirmatively filed his written acceptance of the act, and the employee's only possible remedy would be an action at common law, in which in order to recover damages he would have to establish that the injury was due to the employer's negligence and that he, the employee, had not been negligent.

The State of Illinois, with its multiplicity of departments, must be considered, insofar as the Workmen's Compensation Act is concerned, the same as an employer engaged in separate and distinct lines, some of which are under the Compensation Act, as an illustration, the Highway Department, and some of which are not under the Act. Nothing appears in this case which would lead us to the conclusion that the department in which the deceased was employed, was extra hazardous within the meaning of the Compensation Act. The State was not maintaining a building or structure for profit, or otherwise. Neither could it be successfully contended, that even though it could be said that the State was maintaining a structure, that such maintenance required a substantial portion of the State's time and attention.

We, therefore, conclude that the motion of the Attorney General must be sustained, and this cause dismissed.